260

COMMISSIONER OF INTERNAL REVENUE
v. RENYX.
No. 370.

Circuit Court of Appeals, Second Circuit.
July 5, 1933.

Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and

Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

J. Robert Sherrod, of Washington, and Herbert S. Duncombe, of New York City (Miller & Chevalier, of Los Angeles, Cal., and Duncombe & Duncombe, of New York City, of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

■ Harmon & Co. was incorporated in 1917 under the laws of Delaware for the purpose of selling stock of another corporation upon a commission basis. For the year 1919 it filed an informational return as a personal service corporation, showing the payment of salaries to its three officers in an aggregate amount of more than $228,000. Each of its three officers owned one-third of its capital stock. The Commissioner denied the corporation personal service classification, reduced the deduction for officers' salaries to $84,000, and determined a deficiency in income and profits taxes in the sum of $68,835.73. In the meantime, in January, 1920, the corporation had been dissolved. The aforesaid tax liability rendered it insolvent, as its total assets at the end of 1919 were only some $28,-000, of which $6,000 represented capital stock and $9,506.39 surplus, and were even less after dissolution. On January 14, 1927, a notice of liability as transferee was mailed to the respondent, Guy W. Renyx. Mr. Renyx was treasurer of the corporation and one of its three stockholders. During the year 1919 he received as salary $76,245, and, to the extent that this sum exceeded a reasonable compensation for his services as treasurer, the Commissioner contends that it represented a distribution of corporate assets for which he is liable as a transferee.[1] He petitioned the Board of Tax Appeals for a redetermination, and the Board decided, three members dissenting, that the Commissioner had not carried the burden of proof imposed upon him by statute to show the respondent's liability as a transferee of property of a taxpayer. 26 USCA § 1229.

With this conclusion we are unable to agree. For the year 1919 the corporation had a gross income of $493,651.99 and

[1] The Board's opinion recites that the Commissioner determined that the services were reasonably worth only $26,000, but this may be a clerical error for $28,000, as the deficiency notice (page 34 of the record) allowed salary deductions of $84,000, one-third of which would be $28,000. Also, this was the salary paid Mr. Renyx as treasurer in 1918.

claimed deductions of $478,098.61, of which some $191,000 was commissions paid salesmen and $228,487.64 was salaries paid to its three officers and shareholders in substantially equal amounts. The net income to be accounted for by the shareholders was reported as only $7,082.38. On its face the payment of such salaries was but a method of distributing earnings. Moreover, there was put in evidence a copy of a resolution of the directors providing that from January 1, 1918, the salary of each of the officers should be $2,000 per month "and continue at said rate until otherwise ordered by direction of the Board of Directors." No resolution increasing the rate was proven; in fact, however, the officers received $28,000 each in 1918. Mr. Renyx testified that the business of the corporation was much greater in 1919 than in 1918, although how much greater does not appear. But each of the officers devoted all his time to the corporation's affairs in 1918, and there is nothing to indicate that the reasonable value of this respondent's services in 1919 was greater than in the preceding year; nor did he produce the minute book of the corporation to show that the directors had authorized an increase in the monthly rate of salary previously established. The foregoing facts made a prima facie case that the respondent's legal salary for 1919 was $24,000 or, at the most, with the Commissioner's concession, $28,000, and the Board should have found that the payment to the respondent in excess of that sum was a distribution of corporate assets without consideration, for which the respondent was liable to account as a transferee of property of a taxpayer under section 280 of the Revenue Act of 1926 (26 USCA § 1069). See Hutton v. Commissioner, 59 F.(2d) 66, 69 (C. C. A. 9).

The respondent contends, however, that, even if the Board had made the finding which we hold it should have made, its decision of no liability must be supported upon other grounds, and therefore it would be futile to remand the cause.

■ It is urged that the Commissioner failed to prove that the deficiency assessed against Harmon & Co. remained unpaid. In Phillips v. Commissioner, 283 U. S. 589, 605, 51 S. Ct. 608, 75 L. Ed. 1289, this is said to be one of the facts essential to establish liability of a transferee. In the pleadings before the Board the Commissioner's amended answer affirmatively alleged that "the balance of said assessment, namely $68,836.73, remains outstanding and unpaid," and the respondent's reply admits the making of an original

assessment in a larger sum and the issuance of a certificate of overassessment, "leaving remaining an additional assessment of $68,836.73." This is urged by the Commissioner to be an admission by the respondent that the assessment remains outstanding and unpaid. Whether the pleadings should be so construed, it is unnecessary to decide. There was proof that the corporation retained on December 31, 1919, insufficient assets to meet its tax liability, was dissolved within a month thereafter, and had even less assets at the end of 1920. The deficiency in question was not assessed until February, 1925. It is apparent that it could not have been paid by the corporation. The respondent suggests that the other shareholders may have paid it, but we do not think the Commissioner was bound to negative so speculative a possibility. The proof was sufficient to establish prima facie that the tax remains unpaid, even if the burden of proof as to nonpayment rests upon the Commissioner. Cf. Hutton v. Commissioner, 59 F.(2d) 66, 69 (C. C. A. 9).

■■ It is also urged that the issuance of a deficiency letter against the respondent was barred by limitation. The answer to this contention is supplied by the express language of section 280 (26 USCA § 1069b(2). The assessment against the corporation was made on February 9, 1925 (which was within five years of the filing of its return), and the assessment against the respondent was made on January 14, 1927 (which was within one year after the enactment of the Revenue Act of 1926). The argument that no valid assessment could be made against the corporation after January 31, 1923, because under the laws of Delaware the legal existence of a dissolved corporation is continued for the term of three years only, is too palpably unsound to require discussion. Cf. Phillips v. Commissioner, 283 U. S. 589, 602, 603, 51 S. Ct. 608, 75 L. Ed. 1289.

■ Finally it is argued that the assessment against Harmon & Co. was invalid because the corporation was entitled to personal service classification. The Board of Tax Appeals made no finding on this subject. In the absence of such a finding, we do not feel called upon to consider it. The issue may be raised below when the cause is remanded. So also, if the pleadings permit, may the respondent's contention that, since the Commissioner is asserting an equitable liability, he must do equity by giving credit for taxes paid by the respondent by reason of including in his personal return for 1919 the full amount paid him by the corporation as "salary." Cf.

United States v. Klausner, 25 F.(2d) 608, 611 (C. C. A. 2). Whether the principle there applied to a suit in equity has application to the administrative remedy provided by section 280 is a matter upon which we intimate no opinion, as the question has been merely suggested by the respondent and not argued by either party.

The order is reversed, and the cause remanded to the Board of Tax Appeals for further proceedings in conformity with this opinion.