L. Glenn Switzer, et al.,[1] Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 28256, 28257, 28258, 28259. Promulgated June 30, 1953.

---

[1] Proceedings of the following petitioners are consolidated herewith:

| Petitioners | Docket Nos. |
| --- | --- |
| Ida H. Switzer | 28257 |
| Howard A. Switzer | 28258 |
| Florence M. Switzer | 28259 |

*William A. Cruikshank, Jr., Esq.*, and *John I. Bolen, Esq.*, for the petitioners.

*R. E. Maiden, Jr., Esq.*, for the respondent.

OPINION.

Rice, *Judge:* In amended answers the respondent asserted fraud penalties against L. Glenn Switzer and Howard A. Switzer, but not against their wives. The wives were not partners in the business but merely had a community interest in the income therefrom.

The respondent argues that for the taxable years 1944 and 1945 the net distributable income of the business was $34,425.81 and $83,526.31, respectively; and that since petitioners and their wives, in the aggregate, reported only $13,936.73 on their 1944 returns and $15,322.72 on their 1945 returns, they understated the income from their business by $20,489.08 for 1944 and $68,203.59 for 1945; and that, expressed in percentages, each of the petitioners failed to account for his or her true income in 1944 by 147.01 per cent and in 1945 by 444.01 per cent. He states that, even in the face of a charge of fraud, the two brothers chose to remain silent and to let go wholly unexplained

the reasons for such gross discrepancies between their real and their reported income for 2 straight years.

He points out that the additions determined in the deficiency notices represent an understatement of discounts received in the amounts of $6,082.29 in 1944 and $19,265.66 in 1945; an overstatement of discounts taken by customers in the amounts of $4,152.63 in 1944 and $17,249.20 in 1945; the omission of sales in 1945 to the extent of $17,298.31; sales taxes that had not been included in invoices and, consequently, not in sales, resulting in an understatement in 1944 of $20,864.23 and in 1945 of $36,776.34; and other minor omissions of unidentified items in both years.

He contends that the courts have consistently held that the unsatisfactory accounting, or no accounting, for omissions of income in consecutive years in excess of 100 per cent of true income is sufficient proof of fraudulent intent to sustain the 50 per cent penalty of section 293 (b),[1] citing *Rogers* v. *Commissioner*, 111 F. 2d 987 (C. A. 6, 1940); *Arlette Coat Co.*, 14 T. C. 751 (1950); and a Memorandum Opinion of this Court. He concludes by arguing that it is unreasonable that the two brothers should have honestly believed that their business had profited in 2 tax years only to the extent of $39,259.44 when the actual profits of the business were $117,952.12, and that the only conclusion to be drawn, in the absence of any explanation from petitioners, is that petitioners were aware that they were not reporting their true income and intended to evade their correct tax liabilities.

The cases cited by respondent for the proposition that "omissions of income in consecutive years in excess of 100% of true income is sufficient proof of fraudulent intent to sustain the 50% penalty" do not so hold. The holdings in those cases are based on the entire record and not on the omission of income alone. In addition, such cases are distinguishable on their facts. It appears from the deficiency notices in this case that there were errors which resulted from large overstatements of income as well as large understatements.

The burden of proof in fraud cases is, of course, upon the respondent. It must be clear and convincing proof. Evidence of inefficiency and ignorance of accounting methods are not sufficient to establish fraud. *Walter M. Ferguson, Jr.*, 14 T. C. 846 (1950); *W. F. Shawver Co.*, 20 B. T. A. 723 (1930). Here, we are not even advised that there was inefficiency or ignorance. We are shown merely that there was a large understatement of income, and, on that showing the respondent rests his case. That is not enough to carry his burden of proof to establish fraud. The Commissioner cannot sustain his burden of proof on a

---

[1] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2).

fraud issue by statements made in his notice of deficiency. *Oscar G. Joseph*, 32 B. T. A. 1192, 1204 (1935). That fraud is not established by the mere understatement of taxable income is shown by our holding in *James Nicholson*, 32 B. T. A. 977, 989 (1935), affd. 90 F. 2d 978 (C. A. 8, 1937), where we said:

Here fraud is not admitted. The mere fact that his return showed a net income for the taxable year 1929 in the sum of $40,424.66 and the respondent, in recomputing his tax liability, determined that the net income for that year was $73,435.38, by itself, does not establish fraud. If it did, then all taxpayers against whom deficiencies are determined would be guilty of fraud and subject to the imposition of a fraud penalty. * * *

Fraud implies bad faith, intentional wrongdoing, and a sinister motive. It is never imputed or presumed. Mere suspicion of fraud and mere doubts as to the intentions of the taxpayer are not sufficient proof of fraud. *Sharpsville Boiler Works Co.*, 3 B. T. A. 568 (1925); *J. William Schultze*, 18 B. T. A. 444 (1929); *Arthur M. Godwin*, 34 B. T. A. 485 (1936); *Arthur S. Barnes*, 36 B. T. A. 764 (1937); *Nicholas Roerich*, 38 B. T. A. 567 (1938), affd. 115 F. 2d 39 (C. A. D. C., 1940), certiorari denied 312 U. S. 700 (1941); *L. Schepp Co.*, 25 B. T. A. 419 (1932).

Respondent's amendments to his answers in this case allege no facts in support of the fraud charge except that petitioners received net taxable income in excess of the amount set forth, and respondent's conclusion that the petitioners knowingly and fraudulently failed to report such amounts.

Reading between the lines of the record made in this case could lead one to a number of conclusions as to why the understatement of income occurred. We are not, however, permitted to speculate. The burden is that of the respondent, and he has failed to sustain it. The reports are replete with cases where the Commissioner has offered a considerable amount of evidence other than the deficiency notice and the returns to sustain his burden of proving fraud but has fallen short thereof. The witnesses subpoenaed by the respondent were in the courtroom at the hearing of these proceedings or were available on short notice. They included the petitioners and the bookkeeper who prepared the returns, but they were not called as witnesses. The books and records of the partnership were also in the courtroom, but they were not offered in evidence either. To hold that there was fraud with intent to evade taxes under these facts would be tantamount to a holding that fraud may be presumed. See *Henry S. Kerbaugh*, 29 B. T. A. 1014 (1934), affd. 74 F. 2d 749 (C. A. 1, 1935). We, therefore, hold for petitioners on this issue.

The respondent, by amendments to the answers, affirmatively alleged that a part of each deficiency for each taxable year in the case of each

petitioner was due to negligence, and that, therefore, the 5 per cent addition to the tax provided by section 293 (a)[2] is applicable.

As to the two wives, it is stipulated that their interest in the partnership income arises from the community property law of the State of California. Under that law, the management and control of the community property is vested in the husband.[3] The record does not show that the wives participated in any way in the business of the partnership, in the management of its affairs, in the accounting of the income produced therefrom, or in the preparation of the returns. We, therefore, conclude that as to the wives, the respondent has not sustained his burden of proof; and the 5 per cent addition to the tax may not be asserted against them. See *Harold B. Franklin*, 34 B. T. A. 927, 941–942 (1936).

With respect to the two husbands, the record shows that they understated their income in 1944 by 147.01 per cent and in 1945 by 444.01 per cent. The deficiency notices show numerous adjustments in large amounts to the net income of the partnership. Such large discrepancies between real net income and reported income and numerous adjustments are strong evidence of negligence and, in our opinion, are sufficient to establish a prima facie case shifting the burden of going forward with the evidence to these petitioners. See *Morrisdale Coal Mining Co.*, 13 T. C. 448 (1949); *Estate of L. E. McKnight*, 8 T. C. 871 (1947); *Robinette* v. *Commissioner*, 139 F. 2d 285 (C. A. 6, 1943), certiorari denied 322 U. S. 745 (1944); *B. F. Edwards*, 39 B. T. A. 735 (1939); *Commissioner* v. *Renyx*, 66 F. 2d 260 (C. A. 2, 1933); *C. A. Hutton*, 21 B. T. A. 101 (1930), affd. 59 F. 2d 66 (C. A. 9, 1932). No explanation for such large discrepancies between actual and reported income was offered to the Court, and the only fair inference on this record is that the adjustments were necessary primarily because these petitioners were negligent in keeping their accounts and rendering their returns, and that the deficiencies, in part, resulted from their negligence. It, therefore, follows that the 5 per cent addition to the tax against these petitioners must be upheld. See *Watson-Moore Co.*, 30 B. T. A. 1197 (1934).

Section 275 (c) of the Internal Revenue Code provides that if the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding

---

[2] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

[3] Sec. 172, Civil Code of California.

in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed. The deficiencies in this case were determined and asserted beyond 3 but within 5 years after the respective returns were filed.

The petitioners argue that a partner's gross income is his proportionate share of partnership gross income; or, stated another way, that for the purposes of section 275 (c) the gross income of a partner is his share of partnership gross income, and not his share of partnership net income. They contend that, under this concept, L. Glenn Switzer and his wife, for example, should be considered the owners and operators of 75 per cent of the partnership business as if it were a separate business operated by them as a sole proprietorship. They state that, if that is correct, their gross income would be total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources. On this basis, they argue that the omissions in each of these proceedings and for each of the years do not exceed 25 per cent of the gross income reported.

They also argue that this partnership gross income is "stated in the return"; that it is presented in the manner and on the forms prescribed by the Code and the Commissioner's regulations; that the partnership returns, as informational returns for administrative convenience, disclose data incorporated into the individual returns by reference; that these data are stated in the individual returns as surely as information contained on Schedule C of Form 1040 which is set forth on a separate unattached schedule, furnished by the Commissioner and adopted by him, since 1951, for the sake of convenience, citing *Maurice H. Van Bergh*, 18 T. C. 518 (1952), on appeal C. A. 2, February 6, 1953; and that, since the basis of taxing the income of partnership operations requires that the partner be treated as if he were a sole proprietor to the extent of his share of the business, except in a few situations covered expressly by statute, there seems to be no justification for applying section 275 (c) differently to a partner than to a sole proprietor.

Section 182 of the Code charges to each partner his distributive share of the net income or capital gain of the partnership. That income is required to be reported by each partner on his individual return and is necessarily a part of all of his income which must be included under the broad, general definition of gross income contained in section 22 of the Code. If the petitioners' argument is correct, an anomalous situation would present itself in a case where a partnership has gross income but sustains a net loss for the year. If a partner in such partnership had gross income from other sources which he reported but failed to include therein his proportionate share of the partnership gross income, and such omission resulted in an omission in excess of

25 per cent of the amount of gross income stated in his return, petitioners' argument would require a holding that section 275 (c) applied. Merely to state such a proposition shows the fallacy of petitioners' argument.

In *Anna Eliza Masterson*, 1 T. C. 315 (1942), reversed on other grounds 141 F. 2d 391 (C. A. 5, 1944), we had occasion to construe section 275 (c) in connection with an omission in excess of 25 per cent of gross income shown on a taxpayer's individual return and an estate return in which the taxpayer showed the balance of her income, which should have been reported in her individual return. We there said at page 324:

> That section is explicit in its reference to "the taxpayer." The "gross income" from which an omission brings the section into play must be the gross income of that taxpayer and "the return" referred to must be his return. If the provision were to be construed so that an omission from one taxpayer's return would be without effect upon a showing that the unreported income was contained in the return of some other taxpayer, its effect would be largely nullified. In other words, it does not comport with the purpose or language of the statute to say that the gross income shown on the return of another taxpayer is the same as "the gross income" of "the taxpayer."

The petitioners also cite Treasury Regulations 111, section 29.422-2, interpreting section 422 (a) of the Code relating to "Unrelated Business Net Income" of exempt organizations; and a 1949 Bureau ruling under section 251 of the Code relating to "Income From Sources Within Possessions of the United States," I. T. 3981, C. B. 1949-2. We have carefully considered both authorities, which deal with special provisions of the Code, and are of the opinion that they do not help in solving the problem presented here.

We, therefore, hold that the net income of the partnership distributable to petitioners is a part of their gross income for purposes of section 275 (c), and the deficiencies were timely asserted.

*Decision will be entered under Rule 50.*