ESTATE OF HERMAN KLEIN, DECEASED, BEBE KLEIN, MALCOLM B. KLEIN, AND IRA K. KLEIN, EXECUTORS, AND BEBE KLEIN, INDIVIDUALLY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2696-64, 2202-66.    Filed March 11, 1975.

*Henry Mayer* and *Paul M. Levinson,* for the petitioners.
*Powell W. Holly, Jr.,* and *Kimball K. Ross,* for the respondent.

DAWSON, *Judge:* The severed issues in these cases were assigned to and heard by Commissioner Charles R. Johnston pursuant to Rules 180 and 182, Tax Court Rules of Practice and Procedure. With minor modifications the Court agrees with and adopts the report of Commissioner Johnston which is set forth below.

### OPINION OF THE COMMISSIONER

Respondent determined the following deficiencies and additions to tax against petitioners for the taxable years 1955 through 1960:

| Docket No. | Year | Deficiencies | Additions to tax under sec. 6653(b)[1] |
|---|---|---|---|
| 2696–64 | 1959 | $9,547.71 | $5,266.92 |
| | 1960 | 14,367.61 | 7,183.81 |
| 2202–66 | 1955 | 48,594.11 | 24,762.81 |
| | 1956 | 14,224.40 | 7,598.20 |
| | 1957 | 11,234.48 | 6,142.87 |
| | 1958 | 7,062.26 | 4,056.34 |

Upon motion by respondent, without objection by petitioners, these cases were consolidated for trial, briefs, and opinion.

The principal issue to be decided herein is whether there was omitted from gross income an amount properly includable in the joint return of Herman Klein and Bebe Klein for the taxable year 1955 which is attributable to Herman Klein and which is in excess of 25 percent of the amount of gross income stated in the return as provided in section 6013(e)(1)(A). The parties have stipulated that Bebe Klein meets the requirements of section 6013(e)(1)(B) and (C) and that she is not liable for any addition to tax under section 6653(b) for the taxable year 1955.

### FINDINGS OF FACT

All the facts have been stipulated and are found accordingly.

The petitioners are the Estate of Herman Klein, deceased, Bebe Klein, Malcolm B. Klein, and Ira K. Klein, executors, and Bebe Klein, as surviving wife. The addresses of the above-named individuals at the time of the filing of the petition were as follows:

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

Bebe Klein _____ 201 East 83d Street
New York, New York

Malcolm B. Klein_____ 31 Dorchester Street
Huntington Station, New York

Ira K. Klein_____ 107 Jackson Place
Paramus, New Jersey

Herman Klein died August 30, 1964. The Surrogate's Court of New York County, N.Y., on October 19, 1964, granted letters testamentary on the Estate of Herman Klein to Bebe Klein, Malcolm B. Klein, and Ira K. Klein who duly qualified and were acting as executors at the time of the submission of this proceeding.

Herman Klein, during the year 1955, was engaged in the manufacture of dresses as a 30-percent partner in the partnerships of Miss Smart Frocks and C & S Dress Co., and as a stockholder in Miss Smart Frocks, Inc. A partnership return, Form 1065, for the taxable year beginning May 1, 1954, and ending April 29, 1955, of Miss Smart Frocks and C & S Dress Co., using the accrual method of accounting, was filed with the district director of the Upper Manhattan District, New York, N.Y. For the year ending April 29, 1955, the partnership return of Miss Smart Frocks and C & S Dress Co. showed sales in the amount of $3,545,911.95 and a schedule for the C & S Dress Co. included in the partnership return showed gross income from contracting in the amount of $141,457.40. The petitioners' joint income tax return for the taxable year 1955 did not show the amount of partnership sales or the amount of gross income from contracting, included in the partnership return.

Herman Klein and Bebe Klein timely filed a joint return for the taxable year 1955 with the district director of the Upper Manhattan District, N.Y. The joint return showed the following items of gross income:

| | |
|---|---|
| Interest_____ | $191.21 |
| Royalties _____ | 494.05 |
| Partnership_____ | 90,845.89 |
| Total_____ | 91,531.15 |

The joint income tax return of Herman and Bebe Klein for the taxable year 1955 failed to include the following items in income, all of which are attributable to Herman Klein:

| | |
|---|---|
| Dividend income _____ | $21,994.29 |
| Other income_____ | 5,200.00 |
| Interest income _____ | 43.25 |

In addition to the preceding items, the petitioners' joint income tax return failed to include in income Herman Klein's proportionate share of corrected net partnership income from Miss Smart Frocks and C & S Dress Co. for the taxable year ended April 29, 1955, in the amount of $18,495.74 which resulted from the disallowance of various claimed deductions on the partnership return.

### ULTIMATE FINDINGS OF FACT

The petitioners omitted the following items from gross income on their joint income tax return for the taxable year 1955:

| | |
|---|---|
| Dividend _____ | $21,994.29 |
| Other income _____ | 5,200.00 |
| Interest income _____ | 43.25 |
| Total _____ | [2]27,237.54 |

The net partnership income of $90,845.89 from Miss Smart Frocks and C & S Dress Co. reported by Herman Klein on his joint income tax for the taxable year 1955 was properly increased by $18,495.74 representing his proportionate share of deductions of Miss Smart Frocks and C & S Dress Co. which were disallowed for the taxable year ended April 29, 1955.

The joint income tax return for the taxable year 1955 filed by the petitioners reported the following items of gross income:

| | |
|---|---|
| Interest _____ | $191.21 |
| Royalties_____ | 494.05 |
| Distributive share of gross income of partnership, Miss Smart Frocks and C & S Dress Co. _____ | 1,106,210.81 |
| Total gross income reported `_____ | 1,106,896.07 |

The amount omitted from gross income does not exceed 25 percent of the sum of $1,106,896.07.

---

[2] We note the conflict between the amount stipulated as omitted from the gross income stated in the joint return and the amount found here. However, since resolution of the conflict would not affect the result, we disregard it.

Petitioner Bebe Klein does not meet the requirements of Code section 6013(e)(1)(A) with respect to the taxable year 1955, nor does she qualify as an innocent spouse for the taxable year 1955 under the provisions of Code section 6013(e).

OPINION

The petitioners contend that the amount omitted from gross income was "in excess of 25 percent of the amount of gross income stated in the return." They base this contention on the grounds that the amount of gross income stated in the joint return of Herman Klein and Bebe Klein was $91,531.15 and the amount omitted was $45,733.28.

Respondent stipulated that the amount omitted from the joint return was $45,733.28. However, the respondent contends that the "amount of gross income stated in the return" is $1,106,896.07. He computes this sum as follows:

| | |
|---|---:|
| Interest | $191.21 |
| Royalties | 494.05 |
| Partnership (30-percent distributive share of the sales and contracting income of Miss Smart Frocks and C & S Dress Co.) | 1,106,210.81 |
| Total | 1,106,896.07 |

The difference between the parties arises over the meaning of the phrase "amount of gross income stated in the return" found in section 6013(e)(1)(A).[3]

---

[3] SEC. 6013. JOINT RETURNS OF INCOME TAX BY HUSBAND AND WIFE.

(e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—

(1) IN GENERAL.—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

(2) SPECIAL RULES.—For purposes of paragraph (1)—

(A) the determination of the spouse to whom items of gross income (other than gross income from property) are attributable shall be made without regard to community property laws, and

(B) the amount omitted from gross income shall be determined in the manner

Petitioners argue that the language of section 6013(e)(1)(A) is so clear and unambiguous that the term "amount of gross income stated in the return" can only have reference to the amount of gross income the taxpayer actually reported in the joint return. There would be much force in this point if the words could be taken out of their particular setting. However, we cannot determine the meaning of the phrase by looking at section 6013(e)(1)(A) alone because section 6013(e)(2)(B) links section 6013(e) with section 6501(e).[4] Viewed in this light, we think petitioners' argument must fall, for to accept it would render section 6013(e)(2)(B) meaningless.

Petitioners further argue that section 6013(e)(2)(B) only incorporates the adequate disclosure requirements under 6501(e)(1)(A) which determine whether an amount, and how much of an amount, has been omitted from gross income but does not incorporate the rules under section 6501(e)(1)(A) which relates to the computation of "the amount of gross income stated in the return." They contend that section 6013(e)(2)(B) only requires the use of section 6501(e)(1)(A) to determine how to compute the amount of omission and not how to compute "the amount of gross income stated in the return." We fail to see how a computation can be made under section 6501(e)(1)(A) of the amount of gross income omitted from a return without a simultaneous determination of the amount of gross income stated in the return; and, the only way "the amount of gross income stated in the return" can be determined, where a partner of a partner-

---

provided by section 6501(e)(1)(A).

[4]SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(e) SUBSTANTIAL OMISSION OF ITEMS.—Except as otherwise provided in subsection (c)—

(1) INCOME TAXES.—In the case of any tax imposed by subtitle A—

(A) GENERAL RULE.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

(i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and

(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item.

ship which has filed a return is concerned, is to consider the partnership return together with the individual return in determining "the total gross income stated in the return" of the individual partner. *Genevieve B. Walker,* 46 T.C. 630 (1966). See *Nadine I. Davenport,* 48 T.C. 921, 928 (1967); accord, *Elliott J. Roschuni,* 44 T.C. 80 (1965), and *Jack Rose,* 24 T.C. 755 (1955). Cf. sec. 702(c); sec. 1.702-1(c)(2), Income Tax Regs.

Petitioners also contend that the legislative history of section 6013(e) supports their position, finding particular comfort in the first sentence of the report of the Finance Committee.[5] As we read the first sentence we think "the income reported" by a partner includes his share of the gross income, as defined in section 6501(e)(1)(A)(i), of the partnership. Rev. Rul. 55-415, 1955-1 C.B. 412; I.T. 3981, 1949-2 C.B. 78.[6]

Petitioners next argue that the policy considerations behind sections 6501(e) and 6013(e) are different. They point out that section 6013(e) was passed as an amelioratory provision to provide relief for an innocent spouse and that the use of the gross-receipts test of section 6501 reduces the chances of an innocent spouse being able to show that the omission exceeded 25 percent of the inflated figure. However appealing this argument may be toward tempering a harsh result, we point out again that if Congress had wished to use the gross income actually reported on the joint return as the amount against which the 25-percent omission was to be measured, it need not have adopted subsection (2)(B) of 6013(e).[7] See *Ann B. Resnick,* 63 T.C. 523 (1975).

---

[5] "The first requirement, that the amount omitted from gross income must equal more than 25 percent of the gross income shown on the return, is intended to limit the relief provided in the bill to those cases where the income omitted represents a significant amount relative to the reported income. Whether or not an omission meets this test is to be determined in a manner similar to the test applied under existing law in determining, for purposes of the 6-year statute of limitations, when an omission in excess of 25 percent of gross income exists." S. Rept. 91-1537, p. 3 (1970), 1971-1 C.B. 606, 607.

[6] Respondent cites sec. 702(c) and sec. 1.702-1(c)(2), Income Tax Regs., in support of this position. We note in passing our belief that the example given in sec. 1.702-1(c)(2), Income Tax Regs., conflicts with sec. 6501(e)(1)(A)(i) and (ii) because under the latter section "gross income" is specially defined and if a partnership return is filed the entire amount of such "gross income" allocable to a partner is deemed reported on the return. We do not think the gross income referred to in sec. 702(c) is the equivalent of the "gross income" defined under sec. 6501(e)(1)(A).

[7] We also point out that it is not only an innocent spouse, whose guilty spouse is a member of a partnership, who is affected by a determination that other gross income is imputed to the individual return. The rule would also encompass innocent spouses of sole proprietors, *Alvin Howse,* T.C. Memo. 1974-225; and innocent spouses of shareholders of subch. S corporations. Cf. *Elliott J. Roschuni,* 44 T.C. 80 (1965). Respondent correctly points out that to interpret the statute in the manner contended for by petitioners, spouses of partners would be treated differently than sole proprietors and subch. S shareholders.

Another contention made by petitioner is that if Congress had intended that section 6501(e)(1)(A) be used to determine "the amount of gross income stated in the return" it would have worded section 6013(e)(2)(B) as follows: "the amount omitted from gross income and the gross income stated in the return shall be determined in the manner provided by section 6501(e)(1)(A)." We must disagree with petitioners since we think section 6501(e)(1)(A)(i) and (ii) [8] directly deals with the determination of the gross income stated in the return. This is because the partnership return must be read as an adjunct with the individual partner's return in determining the total gross income stated in the individual's return. Indeed, that determination with respect to partnerships arose from the gloss upon the section by the decided cases, compare *L. Glenn Switzer*, 20 T.C. 759 (1953), with *Genevieve B. Walker, supra*, and *Nadine I. Davenport, supra;* cf. *Elliott J. Roschuni, supra; Jack Rose, supra*. [9]

Finally, petitioners contend that the gross-receipts test sets up an arbitrary, capricious, unreasonable, and unfair classification because an otherwise innocent spouse would be unable to avail herself of the provisions of section 6013(e) when the guilty spouse was a partner in a partnership that had substantial gross receipts with little or no net income or relatively little net income compared with the gross receipts of the business. They urge that the gross-receipts test is wholly unrelated to the economic reality of the taxpayers' situation and therefore its use as a basis for establishing classification is arbitrary, capricious, unreasonable, and unfair and hence violates due process of law under the fifth amendment to the United States Constitution.

In *Penn Mutual Indemnity Co.*, 32 T.C. 653, 658 (1959), this Court said:

> An act of Congress is not lightly to be set aside, and doubt must be resolved in its favor. So much is familiar learning. Moreover, the presumption in favor of validity is particularly strong in the case of a revenue measure.* * *

---

[8] *Ibid.*, fn. 4, (i) and (ii).

[9] See also *Harry Landau*, 21 T.C. 414 (1953); *Norman Rodman*, T.C. Memo. 1973-277; and *Vernie S. Belcher*, T.C. Memo. 1958-180, where it is pointed out that a "partner's share of the gross income on the partnership returns must be imputed to the individual return." And that if the partnership return is not in evidence it is impossible to know the "gross income stated in the return." The 6-year limitation does not apply if disclosure "is made on or *with the tax return.*"(Emphasis supplied.) H. Rept. No. 1337, 83d Cong., 2d Sess., p. 107 (1954); S. Rept. No. 1622, 83d Cong., 2d Sess., pp. 143-144 (1954).

It is with this injunction we approach petitioners' arguments on the constitutionality of the application of section 6013(e) under the facts of this case.

We certainly must agree with the proposition stated in the cases cited by petitioners that a Federal taxing statute may be so arbitrary and capricious as to cause it to fall before the due process of law clause of the fifth amendment. *Heiner v. Donnan,* 285 U.S. 312 (1932); *Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1 (1916); *Moritz v. Commissioner,* 469 F. 2d 466 (C.A. 10, 1972), reversing 55 T.C. 113 (1970); *Reed v. Reed,* 404 U.S. 71 (1971). However, we point out that in both *Moritz* and *Reed,* the invidious discrimination was based on sex. Under section 6013(e) both qualified male and female spouses are entitled to the benefits of the section. For that reason we do not think either *Moritz* or *Reed* are controlling here.

Section 6013(e) is a mitigation provision and in common with other mitigation provisions not every taxpayer or transaction is entitled to relief. Cf. sec. 1311 et seq. See *Knowles Electronics Inc. v. United States,* 365 F. 2d 43 (C.A. 7, 1966). The fact that petitioner Bebe Klein suffers a financial hardship if she is found not to be eligible for the relief provided under section 6013(e) should not be controlling.[10]

But the question here is whether in the application of section 6013(e) in conjunction with section 6501(e)(1)(A) to spouses of partners (as well as other spouses as indicated below) that section 6013(e) must fall before the fifth amendment as an arbitrary classification.

In *United States v. Maryland Savings-Share Insurance Corp.,* 400 U.S. 4, 6 (1970), the Court stated:

Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts. * * * [Citations omitted.]

We do perceive a rational basis for the classification. Congress chose as the basis for measuring the amount omitted from gross income under section 6013(e)(1)(A) the provisions of section 6501(e)(1)(A)(ii) which had been used to measure omissions

---

[10] "What warrants specialized treatment * * * such as those which have been indicated? Mention of hardship and financial loss is unconvincing. The world at large, and the income-tax world in particular, are full of hardship and loss despite which it is deemed sound policy to enforce general rules inflexibly." Maguire, Surrey and Traynor, "Section 820 of the Revenue Act of 1938," 48 Yale L. J. 509 (1939).

from gross income in determinations of whether a 3-year or 6-year statute of limitations applied. Since Congress restricted its relief under section 6013(e) to cases involving omissions from gross income, the use of a gross-receipts test in the case of a trade or business was proper.

The gross-receipts test in section 6501(e)(1)(A) was adopted by Congress to eliminate some of the problems which arose under its predecessor, section 275(c), I.R.C. 1939. See *Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958), and the case cited therein. In *Uptegrove Lumber Co. v. Commissioner*, 204 F. 2d 570 (C.A. 3, 1953), the court found there was "a real ambiguity" in section 275(c), I.R.C. 1939. The committee reports give no indication as to why a gross-receipts test was adopted.[11] It can only be presumed that it was for the purpose of avoiding litigation as to whether adequate information was given as to the amount of "gross income." Cf. *L. Glenn Switzer, supra; Emma B. Maloy,* 45 B.T.A. 1104 (1941). Of course, when section 6501(e)(1)(A) is applied with respect to a taxpayer who is a member of a partnership for which a return had been filed to determine whether the 3-year or the 6-year statute of limitations applies it normally operates to his benefit. *Genevieve B. Walker, supra;* cf. *Jack Rose, supra; Elliott J. Roschuni, supra.*

Section 6013(e) was adopted in consequence of a series of decisions imposing fraud penalties and taxes upon the spouses of guilty taxpayers, where admittedly the spouse had no knowledge of the fraud and did not benefit economically from it, because joint returns were filed. *Louise M. Scudder,* 48 T.C. 36 (1967), reversed and remanded 405 F. 2d 222 (C.A. 6, 1968); *Huelsman v. Commissioner,* 416 F. 2d 477 (C.A. 6, 1969), remanded for disposition within guidelines of Circuit Court opinion; *Betty Bell Wissing,* 54 T.C. 1428 (1970).[12] See also *Kathleen C. Vannaman,* 54 T.C. 1011 (1970).

---

[11] Several changes from existing law have been made in subsec. (e) of this section. In par. (1), which relates to income tax, the existing 5-year rule in the case of an omission of 25 percent of gross income has been extended to 6 years. The term "gross income" as used in this paragraph has been redefined to mean the total receipts from the sale of goods or services prior to diminution by the cost of such sales or services. A further change from existing law is the provision which states that any amount as to which adequate information is given on the return will not be taken into account in determining whether there has been an omission of 25 percent. H. Rept. No. 1337, 83d Cong., 2d Sess., p. A414 (1954).

[12] For a discussion of the background of sec. 6013(e) see Emory, "New Law Alleviates Innocent Spouse-Joint Return Problem on Omitted Income," 34 J. Taxation 154 (1971).

In adopting section 6013(e) Congress only provided relief for an innocent spouse where a joint return was filed and all of the other requirements of section 6013(e) were met, including an omission from gross income exceeding 25 percent of the total gross income stated in the return. It did not provide relief for innocent spouses in community property States where no joint returns were filed, even though all the other requirements of section 6013(e) were met. *United States v. Mitchell*, 403 U.S. 190 (1971); *Mary Lou Galliher*, 62 T.C. 760 (1974). In *Mitchell* the Court suggested the remedy was legislation such as sections 6013(e) and 6653(b). Furthermore, Congress did not provide relief if the liability was attributable to improper deductions.[13] Petitioners' liability, in part, was attributable to improper deductions on the partnerships' returns. If Congress could constitutionally exclude from relief innocent spouses in community property States where no joint return was filed, it could properly exclude other innocent spouses who could not meet the tests of section 6013(e)(1)(A).

We think it is constitutionally permissible for Congress to take one step at a time in adopting a relief provision, addressing itself first to the phase of the problem which seems to it most egregious. *Williamson v. Lee Optical Co.,* 348 U.S. 483 (1955); *McDonald v. Board of Election,* 394 U.S. 802, 809 (1969); *N.L.R.B. v. Jones & Laughlin,* 301 U.S. 1, 46 (1937). Congress has apparently decided the potential injustice was greatest where an omission from gross income occurred and joint returns were filed. In so limiting its remedy Congress dealt with an appropriate class and it was not bound to include others. *Graham & Foster v. Goodcell,* 282 U.S. 409, 431-432 (1931). Cf. *W. Astor Kirk,* 51 T.C. 66 (1968), affd. 425 F. 2d 492 (C.A. D.C. 1970).

We hold petitioners have failed to sustain their burden of overcoming the presumption of the validity of section 6013(e). We also hold that section 6013(e) is constitutional. Having decided the issues before us in favor of the respondent, these cases will be set for trial in due course on the other issues presented by the pleadings.

*An appropriate order will be entered.*

---

[13] *Ibid.,* fn. 12.