MARCELLIA JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
JONES v. COMMISSIONER
Docket No. 8186-76.
United States Tax Court
T.C. Memo 1978-454; 1978 Tax Ct. Memo LEXIS 58; 37 T.C.M. (CCH) 1847-58; November 14, 1978, Filed Marcellia Jones, pro se. Edward I. Foster, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $1,918.64 deficiency in petitioner's income tax for 1972, plus an addition to the tax for fraud under section 6653(b) [1] of $959.32. The sole issue presented in this case is whether petitioner is subject to the fraud penalty. FINDINGS OF FACT Petitioner was a resident of Pennsylvania when she filed her petition. She filed her 1972 income tax return using the cash basis method of accounting. On Schedule A to her return for 1972 petitioner claimed, among other deductions, the following itemized deductions: Real Estate Taxes $ 212.00
Contributions
Religious $ 400
Charitable
500
Educational
600
Civic
400
1,900.00
Home mortgage interest
170.94
Miscellaneous deductions
Educational-Fulbright
Hayes Scholarship Africa
$ 2,662
Prof. Organizations
125
School Storage Space
100
Prof. Conf.
50
Prof. Expenses
500
3,437.00
$ 5,719.94
*59 Petitioner's return was selected for audit and respondent's agent made appointments with petitioner for August 7, 1973; August 31, 1973; November 2, 1973; December 5, 1973; December 19, 1973; March 12, 1974; April 26, 1974; and May 13, 1974. For each occasion she was requested to bring with her verification of medical expenses, real estate taxes, contributions, mortgage interest, casualty losses, dependent care and all miscellaneous deductions. On each occasion petitioner failed to keep the appointment. Finally, on June 19, 1974, petitioner appeared before Revenue Agent Campese for an audit of her 1972 return. She presented cancelled checks, some medical receipts, and information concerning an educational fellowship. A continuation of the audit was scheduled for June 28, 1974. On June 28 petitioner presented to Revenue Agent Campese 35 checks in substantiation of some of her itemized deductions for contributions, education expenses, dependent care, medical transportation, professional organizations and professional conferences. [2] She also gave the Revenue Agent the deed to property located at 5315 Wakefield Street, Philadelphia, which deed indicated the owners of the property *60 were petitioner and her mother, Ruth Jones. *61 All except two of the checks bear petitioner's signature and her printed name and address. These checks were written on petitioner's account which was closed on April 10, 1964, seven years before the year written on the checks. Two checks were written on bank counter checks. The checks were never processed or negotiated by the banks on which they were written or by any other bank. The numerical and chronological orders of the checks do not correspond. Two checks are dated October 16, 1972, but marked paid July 30, 1972. The checks all bear a "paid" stamp with the date paid always the 30th of some month (including February). No check is endorsed in the name of the payee. When the Revenue Agent pointed out to petitioner that the checks had not been processed by a bank, petitioner stated that she did not know who stamped the checks but that she surmised the payees did. The deed presented by petitioner to the Revenue Agent had been altered. The unaltered deed showed that Ruth Jones alone owned the property. When petitioner claimed a real estate tax deduction of $212 and a home interest deduction of $170.94 on her 1972 return, she knew that she had no ownership interest *62 in the property at 5315 Wakefield Street, Philadelphia. When petitioner claimed contribution deductions totaling $1,900 and miscellaneous deductions totaling $3,437 on her 1972 return, she knew that a substantial part of these deductions were false. She knowingly attempted to deceive Revenue Agent Campese by presenting fraudulent checks in purported substantiation of these deductions. On July 20, 1977, this Court granted respondent's motion that undenied allegations of fact set forth in paragraph 6 of the answer be deemed admitted. On May 11, 1978, this Court granted respondent's motion to dismiss for lack of prosecution as to the deficiency. OPINION The sole issue in this case is whether any part of petitioner's $1,918.64 underpayment of tax in 1972 was due to fraud. Section 6653(b) provides that if any part of an underpayment of tax is due to fraud, an addition to the tax equal to 50 percent of the total underpayment shall be imposed. Respondent has the burden of proving fraud (section 7454(a)) and clear and convincing evidence is required to carry this burden. Rule 142(b), Tax Court Rules of Practice and Procedure; Kashat v. Commissioner,229 F. 2d 282, 285 (6th Cir. 1956); *63 Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). The existence of fraud is a question of fact to be determined upon consideration of the entire record. Stratton v. Commissioner,54 T.C. 255, 284 (1970). To prove fraud, respondent must show that the taxpayer acted with the specific intent to evade a tax believed to be owing. Cefalu v. Commissioner,276 F. 2d 122, 128-129 (5th Cir. 1960); Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976). Fraud is never presumed or imputed; mere suspicion of fraud is not sufficient. Switzer v. Commissioner,20 T.C. 759, 765 (1953). Respondent, however, may meet his burden of proof through circumstantial evidence. Powell v. Granquist,252 F. 2d 56, 61 (9th Cir. 1958). On the basis of all the evidence, we conclude that respondent has carried his burden here. Petitioner knowingly overstated her deductions. See Godeny v. Commissioner,22 T.C.M. 1694, 32 P--H Memo. T.C. par. 63,324 (1963), affd. 339 F. 2d 262 (3d Cir. 1964), cert. denied 381 U.S. 903 (1965). When audited and asked to bring substantiation *64 for these deductions, she attempted to deceive the Revenue Agent by presenting to him false checks and a false deed. See Estate of Mazzoni v. Commissioner,451 F. 2d 197, 202(3d Cir. 1971). In addition, she repeatedly delayed meeting with the agent, and also delayed proceeding with the litigation of this case (even failing to show up for trial). Moreover, she had total absence of legitimate substantiation for her deductions which, oddly enough, were in even amounts (religious contributions $400, charitable $500, educational $600, civic $400). Such actions amply justify the imposition of the fraud penalty determined by respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. The checks presented were as follows (dashes indicate illegible handwriting): ↩
Check
No.
Payee
Amount
Date
117
Ihadon Post Office
30.00
July 15, 1972
118
Faith Tabernacle
50.00
-------, 1972
119
Educational Equality League
50.00
Oct. 3, 1972
120
South African Studen ------
20.00
Oct. 3, 1972
121
International House
20.00
Oct. 3, 1972
131
Temple University
180.00
Jan. --, 1972
132
COOBE
20.00
Jan. 2, 1972
134
Hearts & Hands for Handicapped
100.00
Jan. 5, 1972
136
Pa. Conference----Black Basic
Ed
100.00
Feb. 3, 1972
137
Univ. of Ibovan
50.00
July 7, 1972
138
Temple U. Book Store
75.00
Jan. 15, 1972
139
Educational Equality League
50.00
Feb. 4, 1972
146
Association for Study of Afro
Life
75.00
May 2, 1972
147
Faith Tabernacle
70.00
Sept. 30, 1972
148
Social Studies Council
25.00
Dec. 12, 1972
150
Educators and Africa E.T.A.
50.00
Jan. 4, 1972
151
A.A.I.
100.00
Jan. 8, 1972
152
Lagos University
50.00
July 18, 1972
153
Association for Study of Afro
Life
75.00
Jan. 15, 1972
154
United Negro College Fund
100.00
Feb. --, 1972
156
Temple University
154.00
March --, 1972
157
Faith Tabernacle
20.00
Dec. 20, 1972
158
Hearts & Hands for Handicapped
150.00
June 15, 1972
164
Hearts & Hands for Handicapped
75.00
Sept. 30, 1972
166
H & H for Handicapped
100.00
Oct. 16, 1972
167
H & Hands for Handicapped
80.00
Jan. 1, 1972
168
Hearts & Hands for Handicapped
160.00
Oct. 16, 1972
169
H & Hands
80.00
April 2, 1972
172
Hearts & Hands for Handicapped
200.00
Aug. 30, 1972
173
Conference on Basic Black Ed.
25.00
Jan. 4, 1972
174
Lago--University
200.00
Aug. 1, 1972
175
Hearts & Hands for Handicapped
80.00
Dec. 20, 1972
None
Conference Black Ba---Education
10.00
Oct. 24, 1972
1113
African-American Institute
299.00
June 4, 1972
1526
COO-- (Conference)
25.00
Jan. 4, 1972