**PROTESTANTS AND OTHER AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE et al., Appellants,**

v.

**W. Marvin WATSON, Postmaster General of the United States, Appellee.**

**No. 21324.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 16, 1968.

Decided Nov. 14, 1968.

Mr. Franklin C. Salisbury, Washington, D. C., with whom Mr. Noel H. Thompson, Washington, D. C., was on the brief, for appellants.

Mr. Robert V. Zener, Atty., Department of Justice, with whom Asst. Atty. Gen. Edwin L. Weisl, Jr., Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Atty., Department of Justice, were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and TAMM, Circuit Judges.

TAMM, Circuit Judge:

Appellants, in June, 1967, filed suit in the District Court to enjoin the appellee, the Postmaster General of the United States, from issuing a certain commemorative Christmas postage stamp alleged to be religious in character and content, and for declaratory judgment that the provisions of 39 U.S.C. § 2501–2503 (1964) prohibit the printing and distribution thereof. In due course a motion for a preliminary injunction by the appellants and a cross-motion by the appellee to dismiss came on for hearing before the trial court at which time the former motion was denied and the latter granted on the ground that the appellants lack standing to sue under the dictates of Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923), and therefore the court was without jurisdiction to hear the case. Notice of Appeal was filed in late September and

argument before this court was heard on February 16, 1968.[1] A decision in this case was held in abeyance pending the Supreme Court's determination of similar issues in Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Appellee, with leave of court, filed a supplemental memorandum in June, 1968, with respect to the pertinency of that Court's holding to the instant issue. Considering this appeal in the light of *Flast* we feel constrained to hold that at least two of the appellants, as taxpayers, have shown that they possess the requisite standing to challenge the expenditures and accordingly we reverse the district court and remand the case for a full evidentiary hearing on the merits.

The challenged activity of the appellee giving rise to this suit is that certain expenses will be incurred by the Postmaster General in issuing a commemorative Christmas postage stamp bearing the legend: "5¢ U.S. Christmas. Memling—National Gallery of Art" and depicting the famous 15th Century artwork of Hans Memling's "Madonna and Child with Angels." Appellants contend that such a stamp is religious propaganda and government proselytization of Christianity, in general, and the Roman Catholic faith, in particular. Appellants further contend that expenditures of tax dollars in such a venture exceeds the limits of the taxing and spending clause of Article I of the U. S. Constitution as set by the establishment clause of the first amendment.

The learned trial judge, in dismissing the complaint below, relied on the *Frothingham* case, *supra*, as authority for the position that "an individual may not maintain an action, on the theory that he is a taxpayer, to restrain an expenditure of public money, on the ground that allegedly it is unconstitutional or illegal" (J.A. 18). Subsequent to the ruling the Supreme Court distinguished *Frothingham* in Flast v. Cohen, *supra*, where taxpayers, as taxpayers, sought to challenge the constitutionality of federal expenditures of tax dollars with regard to the Elementary and Secondary Education Act of 1965, 79 Stat. 27, 20 U.S.C. § 241a *et seq.*, 821 *et seq.* (1964 ed., Supp. II). The Court held in favor of the taxpayers on the issue of standing and in so doing limited *Frothingham* to cases where taxpayers fail to allege a specific constitutional provision restricting an otherwise proper exercise of the taxing and spending powers of Congress. The Court then set out the requirements which must be met by the taxpayer before he has standing. Essentially they are:

1. that he is in fact a taxpayer;

2. that tax dollars are being expended in the furtherance of specific government business;

3. that there is a *substantial* expenditure; and

4. that these expenditures exceed the limits imposed by the establishment clause of the first amendment on the taxing and spending powers in Article I.

Viewing the instant case in the light of the aforementioned criteria we find, as to the appellant Protestants and Other Americans United for Separation of Church and State, a non-profit organization under the laws of the District of Columbia, that the record before us does not disclose whether it is a "taxpayer." We remand this determination to the district court where, if it is found that this appellant is a taxpayer, it is to permit it to proceed accordingly. If it is not a taxpayer, the court is to dismiss the complaint as to this appellant as having

1. Between filing the notice of appeal and oral argument, the stamp in question was duly issued. At argument this court inquired into the mootness aspect of the case and was assured that the stamp is still in circulation and in control of the appellee. However, in light of the "sub-

stantial expenditure" requirement of *Flast* this court is without sufficient information as to the nature of the expenses still to be incurred by the Postmaster General and we therefore leave that determination to the trial court on remand.

failed the test of *Flast*. As to the other two appellants we hold that if the lower court finds that there are "substantial expenditures" still to be incurred by the appellee, with regard to this stamp, that they have made the requisite showing of standing in the light of *Flast* and therefore must be given an opportunity to be heard on the merits. We have considered the other points raised on this appeal and find, as to them, an insufficient record to render a comprehensive decision. We therefore remand the case to the district court to proceed in accordance with the views herein expressed toward a disposition both in fact and at law.

Reversed and remanded.