W. Astor KIRK and Vivian M. Kirk, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE.

No. 22901.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 15, 1970.

Decided March 9, 1970.

Petition for Rehearing Denied April 9, 1970.

Mr. W. Astor Kirk, pro se, for appellants.

Mr. Leonard J. Henzke, Jr., Atty., Department of Justice, for appellee. Mr. Johnnie M. Walters, Asst. Atty. Gen., Mr. Lee A. Jackson, Mr. Lester B. Snyder, and Mr. Louis M. Kauder, Attys., Department of Justice, were on the brief for appellee.

Before McGOWAN and MacKINNON, Circuit Judges, and JAMESON *, Senior District Judge.

JAMESON, District Judge.

This is an appeal from a decision of the Tax Court[1] affirming the Commissioner's determination of a deficiency in income tax due from appellants, W. Astor Kirk and Vivian M. Kirk,[2] for the tax year 1964 in the amount of $557.33. Ap-

pellants resided in Washington, D. C. during the tax year 1964 and in Austin, Texas, when their petition was filed. They have stipulated that the decision of the Tax Court may be reviewed by this court.[3]

The facts are stipulated. W. Astor Kirk was employed during the tax year 1964 by the General Board of Christian Social Concerns of the Methodist Church,[4] an organization which promotes, sponsors and administers programs of social research, education, and action covering a broad range of issues of national and international importance.[5] Kirk served as director of the Department of Public Affairs in the Board's Division of Human Relations and Economic Affairs.

Kirk was one of twelve professional employees, nine of whom were ordained ministers in the Methodist Church. Kirk, however, "was not an ordained, commissioned, or licensed minister of the gospel",[6] although he is a member of the Methodist Church, which provides for ordination of its ministers.

The services provided by appellant as an employee of the Board "were not different in character from those performed by the eleven remaining professional employeees * * *. These services were not sacerdotal in character, nor did they involve the conduct of religious worship".

The Board maintained a policy of providing housing and allowances for all of its professional employees. Appellant received a rental allowance in the amount

---

* Sitting by designation pursuant to the provisions of Title 28 U.S.Code Section 294(d).

1. Kirk v. Commissioner of Internal Revenue, 1968, 51 T.C. 66.

2. Vivian M. Kirk is joined as appellant only by reason of the filing of a joint return with her husband.

3. Pursuant to 26 U.S.C. § 7482(b) (2).

4. Pertinent excerpts from the 1964 edition of the Doctrines and Disciplines of the Methodist Church describing the organization, powers, duties and responsibilities of the Board were attached to the stipulation as a joint exhibit.

5. The issues include race relations, civil liberties, public policy on education, church and state relations, American foreign policy, the United Nations and related international organizations, disarmament and nuclear weapons control, drug control, foreign aid, alcohol problems, juvenile delinquency, mental health, problems of aging, population and planned parenthood, and the penal system and rehabilitation of criminals.

6. It was further stipulated that appellant had no intention "of becoming an ordained, commissioned or licensed minister of the gospel in any religious denomination of whatsoever nature".

of $2,624.97 during the tax year 1964. This sum was not reported as income, although appellants did make a full disclosure of the fact that the sum was not reported. This rental allowance constituted a part of the remuneration for the services rendered by Kirk to the Board, and the entire allowance was used "to rent or otherwise provide a home during tax year 1964".

26 U.S.C. § 107 provides:

"In the case of a minister of the gospel, gross income does not include—

(1) the rental value of a home furnished to him as part of his compensation; or

(2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home."

Pursuant to this section the rental allowance was allowed as an exclusion for the nine "ministers of the gospel" employed by the Board, but not for the three professional employees who were not ministers of the gospel.

Appellants seek an order which would "Prohibit the Commissioner from arbitrarily and unreasonably discriminating against * * * Kirk with respect to a taxpayer's privilege of excluding from gross income the rental allowance paid, as part of compensation, by the board to rent or otherwise provide a home". In essence appellants contend (1) that the determination of the Commissioner that they are not entitled to the exclusion is "an arbitrary, unreasonable, and hence impermissible" discrimination against the taxpayer; and (2) that "[a] governmental determination denying Kirk the exclusion of his rental allowance from taxation, while the exclusion is granted to his associates who are ministers violates the establishment clause of the First Amendment".

It is a well established rule that exclusions and deductions are matters of "legislative grace; and only as there is clear provision therefor can any particular deduction be allowed". New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348.[7] "The taxpayer has the burden to show that it is within the provision allowing the deduction". United States v. Olympic Radio and Television, Inc., 1955, 349 U.S. 232, 235, 75 S.Ct. 733, 736, 99 L.Ed. 1024.

Appellants have failed to sustain this burden. Section 107(2) is unambiguous. It excludes rental allowance from the gross income of a "minister of the gospel". The Tax Court found that the excerpts from the Methodist Church Discipline "clearly establish the Board of Christian Social Concerns as an institution dedicated to the spreading of the 'gospel'—the glad tidings or message of Methodism". Accordingly under the statute and applicable regulations [8] an ordained minister of the gospel employed by the Board was entitled to the exclusion of his rental allowance from his gross income.

7. See also Deputy v. DuPont, 1940, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; Interstate Transit Lines v. Commissioner, 1943, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607, reh. den. 320 U.S. 809, 64 S.Ct. 26, 88 L.Ed. 489.

8. In discussing the applicable statute and regulations, the Tax Court said:
"Paragraph (2) of section 107 appeared first in the Internal Revenue Code of 1954 to clarify the discrepancy between rental allowances paid by congregations and residences actually furnished by them. As to the latter case, paragraph (1) of section 107, originally section 213(b) (11) of the Revenue Act of 1921, had excluded from gross income the rental value of a dwelling house furnished to a minister of the gospel as part of his compensation.
"Section 1.107–1, Income Tax Regs., provides that in order to qualify for the exclusion, the rental allowance must be provided as remuneration for services which are ordinarily the duties of a minister of the gospel. Section 1.1402(c)–5(b) (2), Income Tax Regs., provides that 'service performed by a minister in the exercise of his ministry includes * * * the control, conduct, and maintenance of religious organizations (including the religious boards, societies, and other integral agencies of such organizations) * *.' " 51 T.C. at 69–70.

In holding that the exclusion was not available to appellants, the Tax Court well said:

"Granting that petitioner performed services that are ordinarily the duties of a minister of the gospel, another requirement of the regulations is that petitioner *be* a minister of the gospel. Specifically the regulations *require* him to be 'a duly ordained, commissioned, or licensed minister of a church or a member of a religious order.' * * * Petitioner is a member of a church which provides for the ordination of ministers. He does not claim to be ordained. Nor is he 'licensed' in the sense that he has any official document or other indicia of permission, formally conferred upon him, to perform sacerdotal functions. We do not think he is 'commissioned.' No congregation or other body of believers was committed to his charge. The duty of spreading the gospel, either by sermon or teaching, was not formally entrusted to his care. Petitioner here is merely a non-ordained church employee. Robert D. Lawrence, 50 T.C. 494 (1968). Furthermore, all the services performed by petitioner in this case were of secular nature."

*    *    *    *    *    *

"The exclusion is not provided to a broad class of persons from which petitioner is excluded solely because he is not a minister. The exclusion is granted by legislative grace to *ministers of the gospel* alone. All persons who are not ministers are denied this grace, * * *. The Commissioner has not unconstitutionally discriminated against the petitioner by denying him the benefit of an exclusion he has not shown himself entitled to." (Emphasis in original) 51 T.C. at 71–72.

We agree. It was expressly stipulated that Kirk was not a "minister of the gospel". Appellants accordingly are not entitled to the benefit of the exclusion.[9]

With respect to appellants' contention that section 107(2) violates the constitution for the reason that it tends toward the establishment of religion, the Tax Court suggested that this was "an interesting inquiry", but refused "to pursue it * * * because petitioner would not be entitled to the exclusion in any event". 51 T.C. at 72.

As we read appellants' briefs, it is their position that the denial to them of an exclusion of income allowed ministers of the gospel constitutes an impermissible constitutional discrimination and a violation of the establishment clause of the First Amendment. If, however, appellants should be found correct in this contention and section 107(2) should be held invalid as an impermissible discrimination or as a law "respecting the establishment of religion", it would not affect the tax liability in this case. Rather ministers of the gospel would then no longer be entitled to the benefits of the exclusion.

■■ This proceeding was instituted in the Tax Court by a "petition for redetermination of the deficiency set forth by the Commissioner * * * in his notice of a deficiency". It is not an action by a taxpayer challenging alleged unconstitutional federal taxing or spending programs.[10] Assuming that appellants as taxpayers could in a proper action raise the constitutional issues here asserted, neither the Tax Court nor this court may properly consider these issues in this proceeding, particularly in view of the fact that appellants would not in any event be entitled to the exclusion.

Affirmed.

9. Appellants' reliance on Abraham A. Salkov, 1966, 46 T.C. 190, 199 is misplaced. In that case the Tax Court concluded that "a full-time cantor of the Jewish faith, qualifies as a 'minister of the gospel' within the spirit, meaning and intendment of section 107". There is no contention here that Kirk qualifies as a minister of the gospel.

10. Upon demonstrating the necessary "personal stake" in the outcome of the litigation, taxpayers in a proper action may challenge allegedly unconstitutional federal taxing and spending programs. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); Protestants and Other Americans, etc. v. Watson, 132 U.S.App.D.C. 329, 407 F.2d 1264 (1968).