JOHN DRESSLER AND CHARLOTTE DRESSLER, PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 104–71S.   Filed May 6, 1971.

*Robert W. Coleman*, for the petitioners.
*Thurman Shaw*, for the respondent.

### OPINION

SCOTT, *Judge:* On January 4, 1971, the petition in the above-entitled case was filed. The deficiency in dispute was stated to be for the year 1967 and in the amount of $498.20, the entire amount of deficiency for the year 1967 as shown by the notice of deficiency attached to the petition.

The petition was served on respondent on January 14, 1971, and on that same date there was served on petitioners, with a copy to respondent, a Notice to Petitioners Having a Small Tax Case, which stated in part as follows:

In small tax cases such as yours, Rule 36 provides that you may make a request to have the proceedings conducted under the provisions of Section 7463, Code of 1954. A Request Form for this purpose is enclosed with this notice. Unless the Commissioner of Internal Revenue objects to your request—in which case you will be notified—your request will ordinarily be granted by the Court.

On February 5, 1971, petitioners filed a Request to Have Proceedings Conducted Under Section 7463.

Respondent on February 9, 1971, filed his answer, generally denying the allegations in the petition and on the same date, in accordance with the provisions of Rule 36(c)(2) of the Rules of Practice of this Court, filed his Motion to Deny Petitioners' Request for Conduct of Proceedings Under Section 7463. Respondent in support of his motion stated that he did not know of a case in which the precise issue involved in the instant case had been decided. Respondent stated that he had issued a revenue ruling, Rev. Rul. 59–270, 1959–2 C.B. 44, stating his position on the issue involved in this case.

Both parties state the issue involved in the above-entitled case to be whether petitioner John Dressler, a "minister of music" in the Methodist Church, is a "minister of the gospel" within the intendment of section 107, I.R.C. 1954, so as to be entitled under that section to

exclude from his taxable income the amount of $2,599.92 which he received as a housing allowance during the year 1967.

The allegations contained in the petition state that petitioner John Dressler holds a degree in church and school music from the Academy of Music in Vienna and a master's degree in music from Birmingham Southern College in Birmingham, Ala.; that he has held the position of "minister of music" in the Methodist Church for 26 years and from 1963 to the present time has held that position with the Peachtree Road Methodist Church in Atlanta, Ga.; that he has attended special leadership training courses which led to his being certified as a "minister of music" in the Methodist Church; and that in January 1959 he was consecrated as a "minister of music" by a bishop of the Methodist Church in a special laying on of hands ceremony. The petition further alleges that petitioner John Dressler as a "minister of music" in the Methodist Church, performs duties of a sacerdotal nature and takes part in the conducting of the worship services of his congregation, including, but not by way of limitation, direction of the choir and congregational singing, selection of appropriate music for the choir and congregational singing, training of the choirs in the theology of hymns, as well as in vocal presentation, preparation, and conducting of the musical portion of the Lord's Supper services and baptismal services, counseling with congregation members about their personal problems, and visiting the sick at the local hospitals.

This Court held in *Abraham A. Salkov*, 46 T.C. 190 (1966), that a full-time cantor of the Jewish faith who was commissioned by the Cantors Assembly of America and installed by a congregation is a "minister of the gospel" within the meaning of section 107 of the 1954 Code. In *Robert D. Lawrence*, 50 T.C. 494 (1968), we held that a "minister of education" in the Baptist Church who was not an ordained minister but served a church that had a regular pastor who was an ordained minister was not a "minister of the gospel" within the meaning of section 107 and in *W. Astor Kirk*, 51 T.C. 66 (1968), affd. 425 F. 2d 492 (C.A.D.C. 1970), held that a professional employee of the General Board of Christian Social Concerns of the Methodist Church who was not ordained, licensed, or commissioned as a minister and performed no functions of a sacerdotal character was not a "minister of the gospel" within the meaning of section 107 even though 9 of the 11 professional employees of the Board of Christian Social Concerns of the Methodist Church who did work similar to that done by the taxpayer were ordained ministers of the Methodist Church.

Respondent's Rev. Rul. 59–270, *supra*, concludes that a "minister of music" may not exclude from his gross income the rental value of a dwelling provided to him since he was not ordained, commissioned, or licensed as a "minister of the gospel."

Respondent contends that the precise issue in the instant case has not been decided by this Court or other courts and states that he believes the issue is of sufficient legal importance to be tried as a regular case.

Petitioners in their memorandum in opposition to respondent's motion filed February 22, 1971, and through their counsel at the hearing on respondent's motion, argue that respondent has failed to present as a ground for his motion the only statutory basis for discontinuance of a case as a small tax case, which petitioners state is the basis provided in section 7463(d) that the Court concludes that there are reasonable grounds for believing that the amount of the deficiency placed in dispute exceeds or may exceed the applicable jurisdictional amount of $1,000 for any 1 year. Petitioners further argue that if they are incorrect in their interpretation of the only basis on which a request for the case to be heard in accordance with section 7463 may be denied, this case is not of sufficient legal or factual importance to warrant the amount which petitioners would be required to expend to try the case under other than the provisions of section 7463. Petitioners argue that section 7463 was intended to permit an economical trial for a taxpayer who contests a small amount of deficiency and that their request to try this case under the provisions of section 7463 should be granted since the issue here is primarily one of fact. Petitioners contend that previously decided cases have clarified the law with respect to the necessary requisites of a "minister of the gospel" under section 107. Petitioners state that a decision in the instant case will not determine whether all "ministers of music" in the Methodist Church or of all Protestant churches are entitled to the benefits of section 107, but rather will determine whether the petitioner John Dressler with his particular qualifications and the particular services he rendered to his church should be classed as a "minister of the gospel."

In our view respondent's motion is properly filed under the provisions of rule 36(c)(2) of the Rules of Practice of this Court. The provisions of section 7463(d) to which petitioners refer in their argument concern discontinuance of a case as a small tax case after this Court has concurred in the taxpayer's request as provided by section 7463(a) which generally would be when trial of the case commenced. This situation is covered by Rule 36(d) of the Rules of Practice of this Court. However, we agree with petitioners that a taxpayer should be entitled to have his case tried as a small tax case where the jurisdictional amount of the deficiency brings it within the provisions of section 7463 unless respondent shows that the issue involved is an issue of importance which will establish a principle of law applicable to other tax cases. In the instant case respondent has made no such show-

ing. In previous cases this Court has concluded that in order to be a "minister of the gospel" a taxpayer must be ordained, commissioned, or licensed as such or must perform sacerdotal duties.

From the allegations contained in the petition, the issue here appears to be primarily one of fact. Whether the certificate which petitioner John Dressler obtained and his consecration by the bishop amount in substance to his being commissioned, ordained, or licensed as a "minister of the gospel" is a factual question. Whether the duties he performed are of a sacerdotal nature is also a factual question.

Respondent's counsel at the trial argued that because there are subsequent years in which the issue here involved will again arise with respect to this same petitioner, his motion should be granted. In our view this fact alone is not sufficient ground for refusing the request of a petitioner that his case be tried as a small tax case. It might be to a petitioner's advantage not to have a case involving a continuing issue heard under section 7463 so he could obtain a decision which would be a precedent for future years. However, in our view this is not a sufficient ground for the Court to grant a motion by respondent to deny a petitioner's request for a hearing under section 7463.

We therefore hold that respondent has not shown adequate reasons to support his Motion to Deny Petitioners' Request for Conduct of Proceedings under Section 7463, filed February 9, 1971. An order will be entered denying respondent's motion.