DUKE KALLICH AND BETTY L. KALLICH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 41781-86.          Filed September 23, 1987.

*George F. Belyea*, for the petitioners.
*Marsha Keyes* and *Stephen R. Asmussen*, for the respondent.

### OPINION

STERRETT, *Chief Judge*: This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of

---

section 7456 of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge*: This case is before the Court on three related motions by petitioners: (1) Motion to reinstate small tax case designation; (2) motion to make an amendment to petition; and (3) motion to change designation of place of trial. The issue for consideration is whether petitioners can obtain small tax case designation under section 7463 and Rule 170 et seq. by conceding a certain monetary portion of respondent's deficiency determination without conceding the underlying issue which originated the notice of deficiency.

The facts are as follows. Respondent issued a statutory notice of deficiency, dated August 14, 1986, determining the following income tax deficiencies and additions to tax:

| | | | Additions to tax [2] | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1981 | $12,190.58 | $609.53 | 50% of interest due on $12,190.58 | 0 |
| 1982 | 10,395.00 | 519.75 | 50% of interest due on $10,395 | $1,039.50 |

The adjustments are due to disallowed mining and development expense deductions of $30,052 and $32,210 for 1981 and 1982, respectively.

A timely petition was filed on October 27, 1986.[3] In their petition, petitioners requested that the case be conducted under the small tax case procedures of section 7463 and Rule 170 et seq. In this regard, petitioners alleged that they were disputing $9,999 of the deficiency for each year.Petitioners designated Fresno, California, as the place of trial.

---

[1]This case was heard pursuant to sec. 7456 (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 6653(a)(1) and sec. 6653(a)(2) have been redesignated as sec. 6653(a)(1)(A) and sec. 6653(a)(1)(B), respectively. Tax Reform Act of 1986, Pub. L. 99-514, sec. 1503(a), 100 Stat. 2742.

[3]At the time of filing the petition herein, petitioners resided at Fresno, California.

On December 22, 1986, respondent filed two motions: (1) Motion to remove small tax case designation, and (2) motion to change designation of place of trial. The Court granted both motions without hearing or opinion.

Petitioners then came forward with the three motions now before the Court. In the amended petition, lodged with this Court, petitioners seek to concede a portion of respondent's disallowance of mining and development expenses as follows:

| | Mining and development expenses | | |
|---|---|---|---|
| Year | Deduction disallowed by respondent | Portion conceded by petitioners | Balance in dispute |
| 1981 | $30,052 | $6,619 | $23,433 |
| 1982 | 32,210 | 6,423 | 25,787 |

By conceding a portion of respondent's disallowance, petitioners thereby seek to place in dispute deficiencies and additions to tax as follows:

| | Deficiency | Additions to tax in dispute | | |
|---|---|---|---|---|
| Year | in dispute | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1981 | $9,000 | $450 | 50% of interest due on $9,000 | 0 |
| 1982 | 8,000 | 400 | 50% of interest due on $8,000 | $800 |

Since petitioners' motion to amend and motion to change place of trial are dependent upon the outcome of the motion to reinstate small tax case designation, we will focus our attention on that motion. Petitioners argue that since the amounts of $9,450 and $9,200 are now in dispute for 1981 and 1982, respectively, the case is eligible for the small tax case procedures under section 7463. Respondent argues that when only one issue is in dispute, petitioners cannot concede a monetary portion of the deficiency without conceding the entire issue which created the deficiency. Respondent maintains that the case should not be tried as a small tax case under section 7463 as the issue in dispute, deductibility of mining and development expenses, involves more than $10,000 per taxable year.

Section 7463(a) provides in part as follows:

SEC. 7463(a). IN GENERAL.—In the case of any petition filed with the Tax Court for a redetermination of a deficiency where neither *the amount*

*of the deficiency placed in dispute*, nor the amount of any claimed overpayment, exceeds—

(1) $10,000 for any one taxable year, in the case of the taxes imposed by subtitle A,

\* \* \* \* \* \* \*

at the option of the taxpayer concurred in by the Tax Court or a division thereof before the hearing of the case, shall be conducted under this section. \* \* \*

[Emphasis added.]

## Section 7463(e) provides a further definition:

SEC. 7463(e). AMOUNT OF DEFICIENCY IN DISPUTE.—For purposes of this section, the amount of any deficiency placed in dispute includes additions to the tax, additional amounts, and penalties imposed by chapter 68 [sections 6651 et seq.] to the extent that the procedures described in subchapter B of chapter 63 [sections 6211-6216] apply.[4]

## Rule 171 defines a small tax case as follows:

The term "small tax case" means a case in which:

(a) Neither the amount of the deficiency \* \* \* placed in dispute (including any additions to tax, additional amounts, and penalties) exceeds—

(1) $10,000 for any one taxable year in the case of income taxes, \* \* \*

(b) The petitioner has made a request in accordance with Rule 172 to have the proceedings conducted under Code Section 7463; and

(c) The Court has not entered an order in accordance with \* \* \* Rule 173, discontinuing the proceedings in the case under Code Section 7463.

The issue before us is what constitutes "the amount of the deficiency placed in dispute." Petitioners argue that the amount of deficiency placed in dispute is only the portion of respondent's determination which petitioners have not conceded at the time of trial. Respondent maintains that when one issue is to be litigated, the amount of deficiency placed in dispute is the full amount as determined in respondent's statutory notice.

The Senate Finance Committee report on section 7463 contains an arithmetic example which provides some clarification.

---

[4]Interest on the claimed underpayment is not included in the amount of deficiency in dispute because interest is imposed under ch. 67, subch. A (secs. 6601-6602) and subch. C (secs. 6621-6622).

The Court would not be permitted to determine a deficiency more than $1,000 [the then applicable limit] above the undisputed amount in the notice of deficiency. For example, if a deficiency of $1,200 were determined by the Internal Revenue Service and the taxpayer put in issue in the Tax Court only $300 of that deficiency, then the remaining $900 of the deficiency would have been conceded * * * . [In any event], once the taxpayer invoked the small claims procedure and the Tax Court concurred, he could not have the deficiency reduced below $200. * * * [S. Rept. 91-552 (1969), 1969-3 C.B. 614, 615 n. 2.]

From the example, it is clear that the amount determined in respondent's statutory notice of deficiency, and the amount petitioner can place in dispute in this Court, need not be the same. The example illustrates a taxpayer who received a statutory notice of deficiency of $1,200, an amount in excess of the then applicable small tax case limitation of $1,000. Yet, this taxpayer can still have his case heard as a small tax case if the taxpayer concedes an amount sufficient to bring the balance of respondent's determination within the range permitted by statute for small tax case procedures. The Court in effect is permitted to narrow the scope of its inquiry and rule on only a portion of the deficiency. In the example, the taxpayer decided to concede $900 of the $1,200 deficiency,[5] thereby placing in dispute $300 of respondent's deficiency determination, an amount well below the then applicable $1,000 limitation. There is nothing in the Senate Finance Committee report which would indicate that the example was intended to illustrate the concession of an issue in a multi-issue case. The example refers only to monetary amounts of a deficiency. We see no reason why a taxpayer should not be able to concede a portion of the deficiency so as to qualify for small tax case status.[6]

[5]The second half of the example shows that the taxpayer would have to concede at least $200 of respondent's deficiency determination in order to have the taxpayer's case tried under small tax proceedings. In other words, the minimum amount the taxpayer must concede in order to have his case tried as a small tax case is an amount representing the difference between respondent's statutory notice determination and the applicable small tax case limitation.

[6]We note that a taxpayer may be at a significant disadvantage to the extent that he does concede a portion of the deficiency in a single issue case. In such instance, even if the taxpayer were to win 100 percent of the issue before the Court, he could ultimately be assessed a tax on the portion of the deficiency conceded and not placed in dispute. In seeking the election for small tax case status, a taxpayer would presumably weigh this disadvantage with other factors.

Petitioners' option to elect the small tax case procedure is not unlimited, even when the jurisdictional maximum for a small tax case has not been exceeded, as the election must be concurred in by the Court. *Page v. Commissioner*, 86 T.C. 1, 13 (1986). Respondent therefore could attempt to show the Court that the case should not be tried as a small tax case due to the importance of the issue to be determined (*Earl v. Commissioner*, 78 T.C. 1014, 1020 (1982)); or because the issue is common to other cases before the Court (*Page v. Commissioner, supra* at 13); or because determination of the issue will establish a principle of law applicable to other cases (*Dressler v. Commissioner*, 56 T.C. 210, 212 (1971)). See also H. Rept. 95-1800 (1978), 1978-3 C.B. (Vol. 1) 521, 612. Respondent has not made such argument here.

In the case before us, respondent disallowed petitioners' mining and development expenses and issued a statutory notice of deficiency for $12,190.58 and $10,395 (exclusive of additions to tax) for 1981 and 1982, respectively. Petitioners have elected small tax case procedures under section 7463 and Rule 170 et seq., and have conceded $3,190.58 and $2,395 of the deficiency (exclusive of additions to tax) for 1981 and 1982, respectively. Petitioners, therefore, seek to place in dispute $9,450 for 1981 and $9,200 for 1982, thereby meeting the statutory requirement for small tax case election. Sec. 7463(a)(1).[7] As respondent has not shown some other reason why the case should not be tried as a small tax case, we concur with petitioners' election.

We now turn to petitioners' remaining motions. A party may amend his pleading by leave of the Court and leave shall be given freely when justice so requires. Rule 41(a).[8] Respondent has not argued that he would be prejudiced by allowing the amendment nor has he stated any other objection as a basis to deny leave to file the amendment to petition. In the case before us, we believe that justice will best be served by granting petitioners leave to amend their petition. Accordingly, petitioners' motion to make an amendment to petition will be granted.

---

[7]These amounts include the deficiencies plus the additions placed in dispute in the revised amendment to petition. The additions under sec. 6653(a)(2) are not included since they involve an amount yet to be determined.

[8]See also *Webb Construction Co. v. Commissioner*, T.C. Memo. 1981-742 (petitioner's motion for leave to amend petition filed 11 months after respondent's answer, granted).

Finally, the Court makes every effort to conduct a small tax case trial at a location most convenient to the location designated by the taxpayer where suitable facilities are available. Rule 177(a). Petitioners have requested their trial be changed from San Francisco, California, to Fresno, California.[9] Since we have determined that petitioners are entitled to small tax case status and, further, since such cases are regularly heard in Fresno, California, petitioners' motion to change designation of place of trial will be granted.

*An appropriate order will be issued.*

---

[9]Rule 140(a) refers to appendix IV for a list of places where the Court conducts trial sessions. Appendix IV refers to an additional list of cities contained in the pamphlet entitled "Election of Small Tax Case Procedure and Preparation of Petitions." That pamphlet reflects Fresno as a city where small tax case trials are heard.