T.C. Summary Opinion 2004-90


UNITED STATES TAX COURT


BARRY APPEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15310-03S.          Filed July 14, 2004.


Barry Appel, pro se.

<u>Brian E. Derdowski, Jr.</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioner three separate notices of deficiency, each dated June 6, 2003, determining that petitioner was liable for deficiencies in Federal income taxes and additions to tax in the following amounts for the 1997, 1998, and 1999 taxable years:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 1997 | $30,884 | $2,905.88 | To be determined | $1,371.69 |
| 1998 | 29,573 | 3,044.03 | To be determined | 934.42 |
| 1999 | 11,330 | 100.00 | To be determined | 539.47 |

Petitioner filed a timely petition with the Court in which he does not dispute the deficiencies determined, but only disputes the additions to tax. Respondent did not file an answer to the petition.[1]

At the time of trial, respondent filed a pretrial memorandum wherein he asserted increased deficiencies and increased additions to tax. The parties filed a stipulation of facts wherein petitioner agreed to the increased deficiencies and increased additions to tax under section 6654 and also agreed that if the failure to file tax returns for the 1997, 1998, and 1999 taxable years was not due to reasonable cause, then the

---

[1] Petitioner elected to have his case conducted as a small tax case under the proceedings of sec. 7463. For the election to be valid, the "amount of the deficiency placed in dispute" may not exceed $50,000 for any one taxable year. Sec. 7463(a), (e); Kallich v. Commissioner, 89 T.C. 676, 679-680 (1987). Taking into account petitioner's concessions in the present case, we concur with his election to conduct his case as a small tax case because the amount placed in dispute for each of the years in issue does not exceed $50,000.

increased additions to tax under section 6651(a)(1) applied as follows:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) | Sec. 6654 |
|------|-----------|------------------------------|-----------|
| 1997 | $30,087 | [1]$3,030 | $1,407 |
| 1998 | 30,234 | 3,548 | 798 |
| 1999 | 52,625 | 9,601 | 1,629 |

[1] Although the amount of deficiency actually decreased for 1997, the addition to tax under sec. 6651(a)(1) increased for the corresponding taxable year. Respondent attributes this increase to a "miscalculation" in the notice of deficiency.

After concessions,[2] the issue for decision is whether petitioner is liable for the additions to tax and increased additions to tax under section 6651(a)(1) for the 1997, 1998, and 1999 taxable years.[3]

---

[2] Respondent concedes that petitioner is not liable for any additions to tax under sec. 6651(a)(2) for the 1997, 1998, and 1999 taxable years. Petitioner concedes that he is liable for the deficiencies in Federal income taxes for the 1997 through 1999 taxable years, including increased deficiencies, as indicated in respondent's pretrial memorandum and the stipulation of facts. Petitioner further concedes that he is liable for the additions to tax under sec. 6654 for the 1997, 1998, and 1999 taxable years.

[3] Although respondent did not file an answer, he seeks increased deficiencies and increased additions to tax. Because of the stipulation of facts and petitioner's lack of objection, the issue of increased additions to tax under sec. 6651(a)(1) is tried with petitioner's express or implied consent. See Rule 41(b)(1); Woods v. Commissioner, 91 T.C. 88, 93 (1988); McGee v. Commissioner, T.C. Memo. 2000-308; Wicker v. Commissioner, T.C. Memo. 1993-431, affd. without published opinion 50 F.3d 12 (8th Cir. 1995). Moreover, the issue of increased additions to tax under sec. 6654 for the 1997 and 1999 taxable years is computational in nature. See sec. 6654(a).

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Guttenberg, New Jersey.

From January 1, 1997, to April 1, 1999, petitioner was a stockbroker at the American Stock Exchange in New York, New York. During the years in issue, petitioner had various health problems that required him to undergo surgery on an outpatient basis with follow-up medical appointments about once a month. Also during the years in issue, petitioner's spouse, Barbara Appel, suffered from severe health problems, and petitioner had to care for her and manage the affairs of the household. Petitioner nevertheless continued working at the American Stock Exchange with a few days of absences due to his surgery and related follow-up medical appointments.

Petitioner requested and received extensions to file his Federal income tax returns for the 1997, 1998, and 1999 taxable years. Taking into account such extensions, petitioner's 1997 return was due October 15, 1998; his 1998 return was due October 15, 1999; and his 1999 return was due October 15, 2000. However, petitioner did not file any Federal income tax returns by the corresponding due dates.

After filing the petition, petitioner prepared returns for the 1997, 1998, and 1999 taxable years and then sent them via certified mail to respondent's New Jersey Appeals Office in an envelope bearing a postmark date of "December 10, 2003". Petitioner did not remit any payment with these returns.

Respondent received and accepted the returns as filed on December 11, 2003. The 1997 return reported "total tax" of $30,087. The 1998 return reported "total tax" of $30,234. The 1999 return reported "total tax" of $52,625. The amounts reflected on the returns provided the bases for the increased deficiencies for the 1998 and 1999 taxable years and the correlative increased additions to tax under section 6651(a)(1) and section 6654.

Petitioner contends that he should not be liable for the additions to tax under section 6651(a)(1) because his failure to file his returns for the 1997, 1998, and 1999 taxable years was due to reasonable cause and not due to willful neglect. Specifically, petitioner contends that his health problems and those of his spouse should relieve him of any liability under section 6651(a)(1).

Discussion

The Commissioner bears the burden of proof in respect of any increased additions to tax. Beck Chem. Equip. Corp. v. Commissioner, 27 T.C. 840, 856 (1957). The Commissioner also has

the "burden of production in any court proceeding with respect to the liability of any individual for any * * * addition to tax" under section 6651(a). Sec. 7491(c). To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect. Id. at 447. The taxpayer also bears the burden of proof with regard to issue of reasonable cause. Id. at 446.

In the present case, respondent has satisfied his burden of production under section 7491(c) by establishing that petitioner's 1997, 1998, and 1999 Federal income tax returns were not timely filed. Petitioner does not assert, nor did he present any evidence, that the returns for the years in issue were received or mailed before the due dates.

Section 6651(a)(1) imposes an addition to tax of 5 percent per month of the amount of tax required to be shown on the return, not to exceed 25 percent, for failure to timely file a return. The addition to tax under section 6651(a)(1) is imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. Illness may constitute reasonable cause so long as the taxpayer can establish that

illness incapacitated the taxpayer to such a degree that he or she was unable to file the return. See <u>Snyder Air Prods., Inc. v. Commissioner</u>, 71 T.C. 709, 718 (1979); <u>Marrin v. Commissioner</u>, T.C. Memo. 1997-24, affd. 147 F.3d 147 (2d Cir. 1998).

The record does not establish that the failures to file were due to reasonable cause and not willful neglect. While petitioner and Barbara Appel had health problems during the years in issue, petitioner continued working at the American Stock Exchange. Petitioner's health did not prevent him from caring for his spouse, managing the affairs of the household, or requesting an extension to file his 1997, 1998, and 1999 Federal income tax returns. While we sympathize with the ongoing medical issues of petitioner and his spouse and acknowledge the substantial amount of time and energy expended by petitioner as a caregiver to his spouse, we do not conclude that petitioner was so incapacitated so as to constitute reasonable cause for failing to file returns for the years in issue. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.