T.C. Summary Opinion 2005-80


UNITED STATES TAX COURT



HARALD BERREY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18849-03S.            Filed June 9, 2005.


Harald Berrey, pro se.

<u>Kathleen C. Schlenzig</u>, for respondent.



GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $46,076, an addition to tax of $4,874.85 pursuant to section 6651(a)(1), an addition to tax of $3,791.55 pursuant to section 6651(a)(2), and an addition to tax of $910.21 pursuant to section 6654(a) for the taxable year 1999.

The petition placed in dispute respondent's determination as to filing status, allowance of standard deduction, and all additions to tax.[1]  After respondent's concessions,[2] the issues still in contention are:  (1) Whether petitioner is entitled to claim an itemized deduction for medical expenses in excess of those conceded by respondent; and (2) whether petitioner is liable for the additions to tax under sections 6651(a)(1), (a)(2), and 6654(a).  The amount of the additional 10-percent tax pursuant to section 72(t) is a computational matter and will be resolved by our decision on the medical expenses issue.

---

[1]Petitioner, in his petition, did not dispute respondent's determination as to the inclusion of certain items in gross income.  As a result, the amount of deficiency placed in controversy is less than $50,000.  See Rule 170; Kallich v. Commissioner, 89 T.C. 676 (1987).

[2]Respondent concedes medical expenses in the amount of $18,904, leaving at issue expenses in the amount of $28,666 ($47,570-$18,904).  Respondent also concedes that any medical expenses allowed as a deduction under sec. 213 shall be deemed paid for by a portion of petitioner's withdrawal from his thrift savings plan and are therefore excepted from the additional tax under sec. 72(t).  Respondent further concedes that petitioner's filing status is married filing jointly.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Hoffman Estates, Illinois, on the date the petition was filed in this case.

During 1999, petitioner was a project manager for the Federal Aviation Administration (FAA) branch of the United States Department of Transportation. As of 1999, petitioner had been a full-time employee with the FAA for almost 15 years. In August of 1999, petitioner voluntarily resigned from his employment at the FAA.

The U.S. Department of Transportation prepared a 1999 Form W-2, Wage and Tax Statement, for petitioner showing wage income of $56,149.15 and Federal income tax withheld of $10,457.36.

Also in 1999, petitioner withdrew all of his contributions from his thrift savings plan through the National Finance Center. As a result of this withdrawal, the National Finance Center sent to petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, Etc., for the year 1999 reflecting a withdrawal in the amount of $96,760.69 and Federal income tax withheld of $11,954.35. Petitioner did not make any payments to the Internal

Revenue Service for the 1999 taxable year other than the withholdings.

During the tax year at issue, petitioner was married to Cynthia K. Berrey (Ms. Berrey). Ms. Berrey was a customer service supervisor for Warner-Lambert Company during taxable year 1999. As a result of her employment, Warner-Lambert Company prepared a 1999 Form W-2 for Ms. Berrey showing wage income of $32,754.70 and Federal income tax withheld of $4,440.50.

Petitioner did not file his 1999 Federal income tax return by the April 15, 2000, due date. Additionally, petitioner did not request an extension of time to file the 1999 tax return.

In a notice of deficiency, respondent determined that petitioner's filing status was married filing separately and that petitioner received total income (wages, interest, dividends, pensions, misc.) of $153,954. Respondent also determined that petitioner was liable under section 72(t) for the 10-percent additional tax on that portion of a distribution from a qualified retirement plan that is includable in petitioner's gross income, and additions to tax for failure to file a Federal income tax return for the 1999 taxable year, failure to pay Federal income tax for the 1999 taxable year, and an underpayment of estimated tax.

On April 6, 2004, after the notice of deficiency was issued, petitioner submitted to respondent's Appeals officer, a Form

1040, U.S. Individual Income Tax Return, for the taxable year
1999 with a filing status of married filing jointly. The Federal
income tax return for the taxable year 1999 was signed by
petitioner and petitioner's wife, Cynthia K. Berrey, on or about
March 31, 2004. On his Form 1040, petitioner reported the
following relevant items:

| Line | | Amount |
|------|------|--------|
| 7 | Wages | $88,904 |
| 8a | Taxable interest | 71 |
| 9 | Ordinary dividends | 89 |
| 13 | Capital gain | 966 |
| 16a | Total pensions and annuities | 96,761 |
| 16b | Taxable amount | 96,761 |
| 34 | Adjusted gross income | 187,214 |
| 36 | Itemized deductions | 53,512 |
| 53 | Tax on IRAs,... | 6,323 |

On Schedule A, Itemized Deductions, petitioner reported the
following relevant deductions and expenses:

| Line | | Amount |
|------|------|--------|
| 1 | Medical and dental expenses | $47,570 |
| 2 | Adjusted gross income[1] | 187,214 |
| 3 | Multiply line 2 above by 7.5%[2] | 14,041 |
| 4 | Medical expense deduction | $33,529 |

[1]Amount from Form 1040, line 34.
[2]7.5-percent limitation under sec. 213(a).

As of the time of trial, petitioner's Form 1040, which was
submitted to respondent's Appeals officer, had not been accepted
by respondent. Also, as of the time of trial, respondent had not
assessed the tax due from Ms. Berrey because, as respondent
explained, "[petitioner] and * * * [Ms. Berrey] filed jointly,

that [sic] * * * [respondent is] waiting until * * * [the issue as to the medical expense deduction] is resolved before * * * [respondent will] * * * assess the tax, because otherwise * * * [Ms. Berrey's] going to end up with a much larger liability than * * * [petitioner] would".

## Discussion

As a general rule, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving the Commissioner's determinations in the notice of deficiency to be in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to the medical expenses still in dispute. Respondent has the burden of production with respect to the additions to tax, however. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

1.  Medical Expenses

Deductions are a matter of legislative grace, are allowed only as specifically provided by statute, and the taxpayer bears the burden of proving that he or she is entitled to the claimed deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  With these well-established propositions in mind, we must determine whether petitioner has satisfied his burden of proving that he is entitled to deductions for medical expenses allegedly incurred during taxable year 1999.  As previously noted, respondent concedes medical expenses in the amount of $18,904.  However, respondent argues that petitioner's claimed medical expenses in excess of that amount have not been substantiated; specifically, respondent claims that petitioner has not shown that payments for such expenses were made in taxable year 1999.

A taxpayer may deduct expenses incurred for medical care and dental expenses to the extent that the expenses exceed 7.5 percent of the taxpayer's adjusted gross income.  See sec. 213(a).  Medical care expenses include amounts paid for insurance premiums.  See sec. 213(d)(1)(D).  To substantiate medical and dental expenses under section 213, a taxpayer must provide the name and address of each person to whom payment was made and the

amount and date of each payment.  See sec. 1.213-1(h), Income Tax Regs.

At trial, respondent and petitioner entered into evidence stipulated joint exhibits which consisted of various documents reflecting medical treatment received by petitioner and/or petitioner's family members during the taxable year 1999. Exhibits 3-J, 4-J, and 5-J consisted of documents reflecting the medical expenses which respondent conceded, along with the health insurance premiums in the aggregate amount of $1,390 paid by petitioner during taxable year 1999.

Exhibit 6-J consisted of various documents reflecting medical expenses as follows:

| Type of Service | Date | Amount |
|---|---|---|
| For Eyes--Optical | 12/12/1999 | $44.00 |
| Room, Substance Abuse Hosp. Misc, Inpatient | 05/18/1999 | 1,212.50 |
| Substance Abuse Doctor Visits, Inpatient | 10/28/1999 | 129.50 |
| Room, Substance Abuse Hosp. Misc, Inpatient | 9/28/1999 | 1,090.01 |
| Substance Abuse Behavioral Health | 11/16/1999 | 560.00 |
| Doctor Visit, Inpatient | 10/07/1999 | 78.00 |
| Room, Substance Abuse Hosp. Misc, Inpatient | 4/13/1999 | 963.01 |
| Diagnostic X-Ray | 9/30/1999 | 164.00 |

For all of the above expenses in Exhibit 6-J, except for the For Eyes--Optical expense, petitioner introduced into evidence copies of the canceled checks used to pay such expenses and a copy of his personal bank account summary showing debits for such

expenses. Therefore, we hold that petitioner has substantiated payment of the above listed medical expenses, except for the For Eyes--Optical expense, in taxable year 1999 in the amount of $4,197,[3] which amount is in addition to the amount respondent conceded of $18,904.

The rest of petitioner's claimed medical expenses were reflected by various documents in Exhibit 7-J. However, while these documents provided the name and address of each person to whom payment was due and the amount due for such payment, these documents did not substantiate that petitioner made the required payment or that such payment was made in the taxable year 1999. Petitioner did not introduce into evidence any further documentation which would substantiate the date of such payment or if payment of such expenses was actually made. Therefore, we hold that no further medical expenses have been substantiated by petitioner.

2. Additions to Tax

a. Section 6651

Respondent determined that petitioner is liable for additions to tax for: (1) Failure to file a timely return for taxable year 1999 pursuant to section 6651(a)(1); and (2) failure to make timely payment of tax pursuant to section 6651(a)(2).

---

[3]Monetary amount is rounded to the nearest dollar.

Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return.  The addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  See sec. 6651(a)(1).  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax.  See id.  Section 6651(a)(2) provides for an addition to tax of 0.5 percent per month, up to 25 percent for failure to pay the amount shown or required to be shown on a return.  A taxpayer may be subject to both paragraphs (1) and (2), in which case the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and (2).  The combined amounts under paragraph (1) and paragraph (2) cannot exceed 5 percent per month.  Sec 6651(c)(1).

The additions to tax under section 6651(a)(1) and (2) are applicable unless the taxpayer establishes:  (1) The failure to file and/or pay did not result from "willful neglect"; and (2) the failure to file and/or pay was "due to reasonable cause".  United States v. Boyle, 469 U.S. 241, 245 (1985); Heman v. Commissioner, 32 T.C. 479, 489-490 (1959), affd. 283 F.2d 227 (8th Cir. 1960).  If petitioner exercised ordinary business care and prudence and was nonetheless unable to file his return or pay

the tax due within the date prescribed by law, then reasonable cause exists.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful neglect" means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, supra at 245.

Petitioner's 1999 Federal income tax return was due on April 15, 2000.  As previously stated, on April 6, 2004, after the notice of deficiency was issued, petitioner submitted a Form 1040 for the taxable year 1999 to respondent's Appeals officer.  Petitioner testified that he had no real explanation for not filing his 1999 return on time.  Petitioner did not pay the balance shown on his return when he submitted it to respondent's Appeals officer.  Respondent has carried his burden of producing evidence to show the additions to tax are appropriate.  Petitioner has failed to show that he exercised ordinary business care and prudence in this case.  Respondent's determinations are sustained.

b.  Section 6654(a)

Respondent also determined that petitioner is liable for an addition to tax for the underpayment of estimated tax pursuant to section 6654(a).

Section 6654(a) provides that in the case of an underpayment of estimated tax by an individual, there shall be added to the tax an amount determined by applying the underpayment rate established under section 6621 to the amount of the underpayment

for the period of the underpayment.  Unless the taxpayer demonstrates that one of the statutory exceptions applies, imposition of the section 6654(a) addition to tax is mandatory where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the taxable year, do not equal the percentage of total liability required under the statute.  See sec. 6654(a); Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

The amount of the addition to tax under section 6654(a) stated in the notice of deficiency is based on the return prepared for petitioner by respondent prior to the filing of the notice of deficiency.  Nothing in the record indicates petitioner made the required amount of estimated tax payment for taxable year 1999, and petitioner does not argue, and the record does not indicate, that any of the statutory exceptions apply. Accordingly, we conclude petitioner is liable for the addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the parties' concessions and our resolution of the disputed matters,

Decision will be entered

under Rule 155.